LLOYD F. NOONAN AND BARBARA M. NOONAN, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3029–67, 3030–67, 3080–67—3083–67.    Filed September 2, 1969.

*Robert H. Walker,* for the petitioners.
*Martin A. Schainbaum* and *Neil J. Murphy,* for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith : Wilfred Winkenbach and Gertrude Winkenbach, docket No. 3030–67 ; L. F. Noonan, Inc., a corporation, docket No. 3080–67 ; Santa Fe Homes, Inc., a corporation, docket No. 3081–67 ; W. H. Winkenbach, Inc., a corporation, docket No. 3082–67 ; and Linda Lloyd, Inc., a corporation, docket No. 3083–67.

## OPINION

The primary issue in this case is whether amounts which the corporate petitioners received and reported on their Federal income tax returns should be taxable to the corporations' sole shareholders, who are the individual petitioners herein. Such amounts represented the corporations' distributive shares of income as limited partners in partnerships of which the individual petitioners were general partners.

Respondent's position with respect to this issue rests on two alternative theories. The first is that the corporations should not be recognized as entities for Federal tax purposes. The second theory is that Noonan and Winkenbach, as general partners of the same partnerships in which the corporate petitioners were limited partners, were not adequately compensated. Consequently, the amounts taxed to the corporations should be instead taxed to Winkenbach and Noonan as compensation for their services to the partnerships.

If we do not hold for respondent on the first issue under either theory, we are asked to consider a second issue. That issue is whether each corporate petitioner is entitled to only one-quarter of an exemption from the corporate surtax.

The question presented is one of substance versus form. Numerous court decisions have set out the ground rules which make it clear that a taxpayer may adopt any form for the conduct of business and that such form cannot be ignored merely because it results in tax savings.

There is no dispute that the corporate petitioners were properly organized under California law. It does not follow, however, that such corporations will necessarily be recognized as entities for Federal tax purposes. In *Aldon Homes, Inc.*, 33 T.C. 582, 597 (1959), we stated:

However, to be afforded recognition the form the taxpayer chooses must be a viable business entity, that is, it must have been formed for a substantial business purpose or actually engage in substantive business activity. *Moline Properties, Inc.* v. *Commissioner*, 319 U.S. 436; *Jackson* v. *Commissioner*, (C.A. 2,

1956) 233 F. 2d 289. Escaping taxation is not a substantive business activity. *National Carbide Corp.* v. *Commissioner*, 336 U.S. 422, footnote 20, citing *National Investors Corp.* v. *Hoey, supra.*

We have reaffirmed our position in *Perry R. Bass*, 50 T.C. 595, 600 (1968). In that case the Court distinguished three cases: *Gregory* v. *Helvering*, 293 U.S. 465 (1935) ; *William C. Hay*, 2 T.V. 460 (1943), aff'd. 145 F. 2d 1001 (C.A. 4, 1944), certiorari denied 324 U.S. 863 (1945) ; and *Commissioner* v. *Smith*, 136 F. 2d 556 (C.A. 2, 1943), reversing 40 B.T.A. 387 (1939). It stated that these cases involved corporations which were mere skeletons, whereas the corporation with which it was immediately concerned had significant flesh on its bones. In the instant case, at least insofar as the years here in issue are concerned, the bones of the corporations were without flesh. The record is devoid of any evidence that the corporations engaged in any substantive business purpose. They were "mere paper corporations that existed in form only for the purpose of obtaining the tax benefits available by splitting the income" of partnerships in which they had limited interests. *Shaw Construction Co.*, 35 T.C. 1102, 1117 (1961), aff'd. 323 F. 2d 316 (C.A. 9, 1963).

We note that the individual petitioners have offered only one business or personal reason for organizing corporations as limited partners. Their reason was that they did not want to contend with buy-out problems which would arise upon the death of an individual partner. Even if we assume that this reason was not an afterthought, we are unable to see how such a reason could obviate that problem inasmuch as Noonan and Winkenbach were general partners.

Petitioners place considerable emphasis upon our holding in *Charles Turner*, T.C. Memo. 1965-101. We do not consider the *Turner* decision to be precedential with respect to the case at bar. The facts in that case are obviously distinguishable if for no other reason than the fact that the corporation involved therein engaged in various business activities.

We of course recognize the long-established general rule that the corporate entity will be respected except "in exceptional situations where it otherwise would present an obstacle to the due protection or enforcement of public or private rights." *New Colonial Co.* v. *Helvering*, 292 U.S. 435, 442 (1934). In applying this rule in the instant case we are compelled to conclude that for Federal tax purposes these corporations clearly fit the exception to the rule because we feel that the only reason for their existence was to achieve tax savings.

Since we hold that Noonan, Inc., Lloyd, Inc., Winkenbach, Inc., and Santa Fe are not to be recognized for Federal tax purposes, we need not decide the second issue presented for decision, to wit, whether a single exemption from corporate surtax should be split equally among these corporations.

*Decisions will be entered under Rule 50.*