**Lloyd F. NOONAN et al., Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**SANTA FE HOMES, INC., Cross-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Cross-Appellant.**

**Nos. 25730–25732 and 25784.**

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1971.

Rehearing Denied Dec. 23, 1971.

Robert H. Walker (argued), Oakland, Cal., for Lloyd F. Noonan, Santa Fe Homes, Inc., and others.

William Hogan (argued), K. Martin Worthy, Chief Counsel, Internal Revenue, Johnnie Walters, Asst. Atty. Gen., Washington, D. C., for the C. I. R.

Before ELY and TRASK, Circuit Judges, and McNICHOLS, District Judge.*

PER CURIAM:

The taxpayers challenge a decision of the Tax Court, reported at 52 T.C. 907 (1969). The Commissioner has taken a cross-appeal "solely to protect the Government's right to collect additional tax-

---

\* Honorable Ray McNichols, United States District Judge, Boise, Idaho, sitting by designation.

1. The wives of Noonan and Winkenbach are parties litigant only because of their

es from the corporation should this Court reverse the Tax Court's decisions * * *."

Four corporations were limited partners in a partnership of which Lloyd Noonan and Wilfred Winkenbach were general partners. Noonan was the sole shareholder in two of the corporations and Winkenbach owned all of the shares of the other two.[1] The Tax Court concluded that the partnership income attributed to the four corporations was properly taxable to the individual taxpayers. This conclusion rested upon the determination that the corporations served no real business purpose, earned no income, and, for federal income tax purposes, should be disregarded.

Our court has held that the critical issue in a case such as this is a factual issue. Shaw Construction Company v. C. I. R., 323 F.2d 316 (9th Cir. 1963).

"The issues in this case—whether the multiple corporations were unreal shams, serving no real business purpose and earning no income, and whether the income in question was in reality produced and earned, not by the multiple corporate holders of legal title, but by petitioner, Shaw Construction Company—are issues of fact."

323 F.2d at 321.

In the case at hand, there was evidence that the four corporations paid no dividends, had no employees, maintained no telephones, telephone listings, or separate business addresses, and engaged in no substantive business activities. In the light of these facts, we cannot say that the critical factual determination of the Tax Court was without substantial evidentiary support.

Affirmed.

having joined their respective husbands in the filing of the tax returns in question.