**Jerome D. and Bernetta O. HANSON, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 82–7060.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 1982.

Decided Jan. 17, 1983.

Burton Levinson, Levinson & Lieberman, Beverly Hills, Cal., for petitioners-appellants.

Thomas M. Preston, Washington, D.C., for respondent-appellee.

Before GOODWIN, HUG and BOOCHEVER, Circuit Judges.

PER CURIAM.

Jerome and Bernetta Hanson, husband and wife, appeal a judgment of unpaid taxes and penalties. We affirm, substantially for the reasons set forth in *Schulz v. Com-*

*missioner of Internal Revenue,* 686 F.2d 490 (7th Cir.1982).

Jerome worked as an independent contractor selling insurance for State Farm Insurance Companies, and Bernetta was an instructor at a community college. On January 10, 1977, Jerome executed a declaration of trust creating the J.D. Hanson Trust. He used a set of trust forms, including the declaration, introductory materials, and step-by-step instructions for creating and maintaining a trust which he purchased from the Institute for Individual Religious Studies.

The declaration included the following provisions: Jerome transferred the family residence to the trust. The trustees were empowered to pay reasonable compensation to officers, employees and agents of the trust and to themselves. The trust was divided into 100 beneficial interest units. The owner of a beneficial unit was entitled to a pro rata share of any distribution of income from the trust and to a pro rata share of the corpus upon liquidation, but was not entitled to participate in the management of the trust. The trust was to be liquidated in twenty-five years or sooner if the trustees unanimously determined upon an earlier date "because of threatened depreciation in values, or other good and sufficient reason necessary to protect or conserve trust assets" to liquidate the trust.

Jerome and Bernetta established the corpus of the trust in a series of conveyances. First, Bernetta conveyed all jointly-owned realty (the family residence plus business property used by Jerome in his insurance business) and personalty to Jerome in exchange for fifty of the trust's 100 beneficial units. Jerome in turn conveyed all of this property to the trust. Jerome received all 100 units of the trust which he immediately caused to be reissued as two fifty-unit certificates, one for himself and one for Bernetta.

The units were ultimately redistributed with Bernetta holding seventy-eight, Dr. Frederick, a family friend, holding twenty, the Hanson's two children holding one each, and Jerome with none. Originally there were two trustees, Bernetta and Dr. Frederick. Within a day or two of the creation of the trust, Jerome became a trustee, too.

In a document separate from the declaration of trust, Jerome and Bernetta each gave the trust the "right to manage, use, control or profit" from each of their services. The only apparent consideration was a recitation that "I do this for consideration by means of an exchange otherwise set forth in the [Declaration of Trust]." In addition, Jerome executed documents leasing two cars and a sailboat to the trust in exchange for a "normal maintenance fee." No payment was ever made.

At the second meeting of the trustees, Jerome and Bernetta were named executive trustees. The trustees agreed to have the trust bear all trust-related expenses of the executive trustees, buy them life insurance, and pay them a "reasonable, monthly consultant's fee."

Jerome and Bernetta continued to use and enjoy all the property conveyed or leased to the trust just as they had before the creation of the trust. All of their personal expenses were either paid out of a checking account opened in the name of the trust or were paid by them out of funds taken from that account but characterized at year's end as consulting fees. The taxpayers did not inform their employers of the lifetime service contracts and did not notify the mortgagee of their residence of the conveyance to the trust. Dr. Frederick exercised no control over any aspect of the trust.

In June of the year in question, 1977, Jerome moved out of the family residence due to marital difficulties. In July of the following year, Jerome and Bernetta were divorced. They filed a "Marital Separation Agreement" which divided their personal effects in total disregard of the trust, and Bernetta was awarded the family residence. Under the agreement, Jerome received "all beneficial right, title and interest in and to the" trust, and Bernetta resigned as trustee. She was replaced shortly thereafter as a trustee by Jerome's current wife.

In his notice of deficiency the Commissioner of Internal Revenue determined that all income, expenses, and deductions which Jerome and Bernetta had attributed to the trust were properly attributable directly to them under 26 U.S.C. § 61 relating to income and 26 U.S.C. §§ 671–678 relating to grantor trusts. The Commissioner also assessed an addition to tax under 26 U.S.C. § 6653(a) for negligent or intentional disregard of tax rules and regulations. The Tax Court correctly upheld the Commissioner. *Schulz v. Commissioner of Internal Revenue, supra.*

■ The trust had no economic substance. The arrangement was an anticipatory assignment of income. The grantor trust provisions of 26 U.S.C. §§ 671–678 apply. *Knetsch v. United States,* 364 U.S. 361, 366, 81 S.Ct. 132, 135, 5 L.Ed.2d 128 (1960); *Noonan v. Commissioner,* 451 F.2d 992, 993 (9th Cir.1971); and *Markosian v. Commissioner,* 73 T.C. 1235 (1980).

■ The assessment of a negligence penalty is presumptively correct and the taxpayer bears the burden of establishing that the penalty was erroneous. *Vnuk v. Commissioner of Int. Rev.,* 621 F.2d 1318, 1321 (8th Cir.1980).

■ The Hansons argue that they were not negligent in that they relied upon the advice of two attorneys, an accountant, and a Commerce Clearing House representative in creating the trust. Good faith reliance on the advice of counsel or a qualified accountant can, under certain circumstances, be a defense to the 26 U.S.C. § 6653(a) addition to tax. *ConLorez Corp. v. Commissioner,* 51 T.C. 467, 475 (1968). However, as a matter of fact the court below found that no lawyer or accountant advised the Hansons that the trust would produce the desired tax advantage. No competent lawyer could.

Moreover, the Tax Court found that the Hansons were patently negligent in putting their faith in this "flagrant tax avoidance scheme" repeatedly rejected by the courts. No reasonable person would have trusted this scheme to work. It was obviously without economic substance, was an anticipatory assignment of income, and was in violation of the grantor trust provisions.

Affirmed.