MERRITT A. LOGAN and DOLORES F. LOGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Logan v. Commissioner
Docket Nos. 4423-78, 14386-81.
United States Tax Court
T.C. Memo 1983-475; 1983 Tax Ct. Memo LEXIS 304; 46 T.C.M. (CCH) 1051; T.C.M. (RIA) 83475; August 15, 1983. *304 Petitioners transferred to a family trust most of their business and personal assets, including their home, petitioner-husband's office equipment, and their lifetime personal services and all remuneration therefrom (except for petitioner-husband's net income from his dental practice). Held: (1) The trust was devoid of economic reality and is not recognizable for Federal income tax purposes. (2) Petitioners are liable for additions to tax under section 6653(a), I.R.C. 1954. Gloria T. Svanas, for the petitioners. Deborah A. Butler, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under section 6653(a)[1] (negligence, etc.) against petitioners as follows: Additions to Tax
Docket No.
Year
Deficiency
Sec. 6653(a)
4423-78
1974
$17,019
14386-81
1977
73,105
$3,655
1978
94,955
4,748
These cases have been consolidated for trial, briefs, and opinion. After concessions by both sides, the issues for decision are as follows: (1) Whether income and expenses are attributable *305 to petitioners or to the Merritt A. Logan Family Estate (a Trust); and (2) Whether petitioners are liable for additions to tax under section 6653(a). These cases have been submitted fully stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petitions in the instant cases were filed, petitioners Merritt A. Logan (hereinafter sometimes referred to as "Merritt") and Dolores F. Logan (hereinafter sometimes referred to as "Dolores"), husband and wife, resided in Fair Oaks, California. During the years in issue, Merritt was in the practice of dentistry. On January 13, 1974, Merritt executed a document captioned "Declaration of Trust of This Constitutional Trust". The trustees of this trust were Susan J. Tramblie (hereinafter sometimes referred to as "Tramblie"), Robert A. Scott, and Lois M. Hawes. Petitioners paid $3,500 to this trust. This trust was entitled the "Merritt A. Logan Educational Trust" (hereinafter sometimes referred to as "the first trust"). On March 7, 1974, Merritt executed a document captioned "Declaration of Trust of This Pure Trust". The trust indenture consisted of a preprinted form with blank spaces provided *306 for applicable names. The trust was entitled the "Merritt A. Logan Family Estate (a Trust)" (hereinafter sometimes referred to as "the second trust"). The initial trustees of the second trust were Dolores and Tramblie. On March 8, 1974, Merritt became a trustee of the second trust. On March 10, 1974, Tramblie resigned as a trustee and on that date Douglas M. Logan (hereinafter sometimes referred to as "Douglas") and Donald J. Logan (hereinafter sometimes referred to as "Donald") became trustees of the second trust. On September 15, 1974, Douglas and Donald resigned as trustees of the second trust. On March 7, 1974, Dolores purportedly conveyed her interest in certain properties and her lifetime services to Merritt in order to facilitate reconveyance to the second trust. On March 8, 1974, Merritt purportedly conveyed to the second trust various items of real and personal property, including petitioners' personal residence, several parcels of land, Merritt's interest in a limited partnership, the contents of the residence, and office equipment and furniture from Merritt's office. Additionally, Merritt purportedly conveyed to the second trust the exclusive use of his and Dolores' *307 "lifetime services and all of the currently earned remuneration accruing therefrom." On March 8, 1974, the second trust resolved that it would make no claim to the net income Merritt received from his dental practice. On March 8, 1974, Merritt received 100 units of beneficial interest, which constituted all the units of beneficial ownership of the second trust. Merritt transferred 50 units to Dolores on March 7 or 8, 1974. On December 15, 1974, Merritt and Dolores transferred units so that Merritt held 20 units, Dolores held 30 units, and 10 units were held by each of the following: Audra Fund, Douglas, Donald, Robert Mauri Logan, and Brent Franklin Logan. On December 29, 1976, Merritt gave his 20 units to "Don Logan for a period of 4 years, * * * then to Robert Logan for a period of 4 years, * * * then to Brent Logan for 4 years, * * * and thereafter to * * * Dolores * * *". On August 15, 1977, Douglas gave his 10 units to "Don Logan for years '77, '78, '79; then transfer to Bob Logan for year '80; then transfer to Brent Logan for years '81, '82, '83, '84, and then to be returned to Merritt Logan [2] if no longer needed by any of the above beneficiaries for educational purposes *308 by May '84." The units of beneficial interest were evidenced by certificates that conveyed to the owner solely the "emoluments" as distributed by the action of the trustees. The certificates conveyed no interest in the second trust's assets, or in the management of the second trust. Merritt and Dolores were the second trust's executive trustee and executive secretary, respectively, having been nominated, elected, and appointed to these positions on March 8, 1974. All decisions concerning the second trust were made by petitioners. By a document dated March 8, 1974, and styled "Agreement", the second trust and Merritt entered into an agreement whereby the second trust agreed to lease certain office equipment and furniture to Merritt, procure his office supplies and materials, manage his business personnel, supervise his accounting and billing, and act as his fiscal agent. Merritt agreed to pay to the second trust "an amount equal to a certain percentage of the gross income of the Doctor [Merritt] derived from the operation of his business." In the notices *309 of deficiency, respondent disregarded the second trust and made adjustments in order to tax petitioners as if the second trust had not been created. For 1974, respondent disallowed the deduction taken by petitioners for the $3,500 paid to the first trust. I. The Family Trust
Petitioners maintain that the second trust was a valid entity under State law and that State law determines validity for Federal tax purposes; they claim the $3,500 is deductible under section 212. Respondent relies on the following three reasons for asserting that the second trust should be disregarded for purposes of determining petitioners' Federal income tax liabilities: (1) the trust lacks economic reality and is a mere paper sham used for tax avoidance purposes; (2) the trust effects an anticipatory assignment of income; and (3) the grantor trust provisions of sections 671-677 apply. Respondent maintains that the $3,500 is a personal expense, made nondeductible by section 262, and in any event is not deductible under section 212. We agree with respondent. This case involves yet another attempt to escape taxation by transferring property to a "family trust". On numerous occasions this Court and the *310 United States Courts of Appeals have considered similar attempts, and the taxpayers' attempts to shift the incidence of taxation have been rejected. E.g., Hanson v. Commissioner,696 F.2d 1232 (CA9 1983), affg. a Memorandum Opinion of this Court; [3]Schulz v. Commissioner,686 F.2d 490 (CA7 1982), affg. Memorandum Opinions of this Court; [4]Gran v. Commissioner,664 F.2d 199 (CA8 1981), affg. a Memorandum Opinion of this Court; [5]Luman v. Commissioner,79 T.C. 846 (1982), and cases cited therein at p. 852, n. 4. See Mertsching v. United States,704 F.2d 505, 506 (CA10 1983). But see May v. Commissioner,76 T.C. 7 (1981), on appeal (CA9, Nov. 1, 1982). We have held that a "family trust" lacked economic substance and was a nullity for Federal income tax purposes. Hanson v. Commissioner,supra;Markosian v. Commissioner,73 T.C. 1235 (1980). The record in the instant fully stipulated cases presents nothing which would support a different result. The record does not show that, after creation of the second trust, there was any change in petitioners' use of the trust assets, or petitioners' full *311 control over the income generated by the trust assets. For the reasons carefully explained in Markosian v. Commissioner,supra, we find that the second trust lacked economic substance and thus is not recognizable for Federal tax purposes. Since we have determined that the second trust is not recognizable for Federal income tax purposes, we need not address respondent's additional arguments in any great detail. However, it is clear that respondent's application of assignment of income principles and the grantor trust provisions to these cases is also proper. See, e.g., Hanson v. Commissioner,supra,Vnuk v. Commissioner,621 F.2d 1318 (CA8 1980), affg. a Memorandum Opinion of this Court; [6]Luman v. Commissioner,supra,Vercio v. Commissioner,73 T.C. 1246 (1980); Wesenberg v. Commissioner,69 T.C. 1005 (1978). The record in these fully stipulated cases provides no information as to what the $3,500 was paid for. Indeed, the only information we find (apart from conflicting characterizations in the parties' briefs) is that it was paid to the first trust; neither the record nor the briefs inform us as to the relationship between the first trust and the second *312 trust. The $3,500 is not deductible. Luman v. Commissioner,supra.
We hold for respondent on this issue. II. Additions to Tax--Section 6653(a)
An addition to tax under section 6653(a) is imposed if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. Petitioners have the burden of proving that their underpayments of tax were not due to negligence or intentional disregard of rules and regulations. Hanson v. Commissioner,696 F.2d at 1234. Petitioners have presented no evidence on this matter. Petitioners cite Hoelzer v. Commissioner,T.C. Memo. 1982-6, for the proposition that the section 6653(a) addition to tax should not be imposed if a taxpayer shows good faith reliance on the organization that produced and packaged the family trust materials. Our reading of the opinion in Hoelzer indicates that the petitioners therein relied on an independent accountant who signed as preparer of their income tax returns. There is no evidence in the instant cases as to any such reliance by petitioners. We hold for respondent on this issue. To take account of the parties' agreements on other matters, Decisions will be entered under Rule *313 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. One of Douglas' 5-unit certificates is "to be returned to Merritt" and the other certificate is "to be returned to Dolores".↩
3. T.C. Memo. 1981-675↩. 4. T.C. Memo. 1980-568, and T.C. Memo. 1981-73↩. 5. T.C. Memo. 1980-558↩.
6. T.C. Memo. 1979-164↩.