JEROME W. PRESTON AND SHARON L. PRESTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Preston v. Commissioner
Docket Nos. 2190-78, 10323-78, 16931-80, 1194-82.
United States Tax Court
T.C. Memo 1983-705; 1983 Tax Ct. Memo LEXIS 77; 47 T.C.M. (CCH) 417; T.C.M. (RIA) 83705; November 29, 1983. Joseph Weigel, for the Petitioners. James M. Klein, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: These consolidated cases were assigned to and heard by Special Trial Judge James M. Gussis, pursuant to the provisions of section 7456(c) and (d)[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE
*78 GUSSIS, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income tax, plus additions to the tax under section 6653(a), as follows: INCOME TAX
ADDITIONS TO TAX
YEAR
DEFICIENCY
SEC. 6653(a)
1973
$3,053.75
1974
3,784,03
1975
3,870.75
$193.54
1976
4,023.00
201.15
1977
4,594.00
229.70
1978
6,089.00
304.45
1979
5,345.00
267.25
1980
6,033.00
301.65
Petitioners have conceded that the income reported by the Jerome W. Preston Family Estate (A Trust) is taxable to the petitioners for the taxable years here involved. The sole issue for decision is whether petitioners are liable for additions to tax for negligence or intentional disregard of the tax laws within the meaning of section 6653(a) for the taxable years 1975 through 1980. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated by this reference. Petitioners Jerome W. Preston and Shraon L. Preston resided in the State of Wisconsin at the time the petitions herein were were filed. During all relevant times, petitioner-husband (hereinafter petitioner) was employed by Oscar-Mayer *79 & Company as a machine-operator. In August 1972, petitioners created the Jerome W. Preston Family Estate (A Trust) (hereinafter Trust) using materials and information obtained from Educational Scientific Publishers (A Trust) (hereinafter ESP). At that time, petitioner and his wife apparently transferred, in exchange for 100 units of beneficial interest in the family trust, all their real and personal property and the exclusive rights to their lifetime services. On January 2, 1973, petitioner sent a letter to Harold J. Polzer, a representative of Oscar-Mayer & Company, regarding the payment of his wages and withholding of taxes. Petitioner also submitted a Form W-4E, Exemption from Withholding. On this form, petitioner certified that he incurred no Federal income tax liability for 1972 and that he anticipated no such liability for 1973. Harold J. Polzer replied to this letter on January 10, 1973, indicating to petitioner that the company's attorney had advised him that it was legally impossible to comply with petitioner's request to change his withholding exemption. Petitioner then submitted a Form W-4, Employees Withholding Exemption Certificate, to his employer claiming four *80 exemptions for the year. Subsequently, petitioner filed an amended Form W-4 increasing the purported withholding allowances to nine for the year 1973. During each of the years 1973 through 1980, petitioner and his wife filed joint Federal income tax returns, while the Jerome W. Preston Family Estate filed a Form 1041, Fiduciary Income Tax Return, for each year. Petitioner and his wife made adjustments reducing their taxable income for each of those years in the same amounts reported on the trust returns as "contract income." Respondent determined that the petitioner was taxable on the amounts of income attributed by petitioner to the trust for each of the taxable years involved. Respondent also determined additions to tax under section 6653(a) for each of the years 1975 through 1980. OPINION The sole issue in this case is whether petitioners are liable for additions to tax under section 6653(a) for the years 1975 through 1980. This section provides that if any underpayment of taxes is due to negligence or intentional disregard of the rules and regulations, an amount equal to 5 percent of the underpayment will be added to the tax. Petitioners bear the burden of disproving *81 respondent's determination that the negligence addition applies to them. Bixby v. Commissioner,58 T.C. 757, 791 (1972); Rules 142(a), Tax Court Rules of Practice and Procedure. We hold that petitioners have failed to carry their burden. Good faith reliance on the advice of competent counsel or a qualified accountant can, under certain circumstances, be a defense to the section 6653(a) addition to tax. Conlorez Corp. v. Commissioner,51 T.C. 467, 475 (1968). However, in the present case, there is no evidence that petitioner sought and received tax advice from either a lawyer or an accountant regarding his family trust. On the contrary, petitioner testified that he first heard about the trust idea from his uncle, Louis Blaser, who together with his son, Bob Blaser, helped petitioner fill out trust forms and yearly tax returns. Bob Blaser was a typesetter for ESP. Petitioner also testified that he received assistance from Richard and Trudy McKenzie, and Lois Hoss, representatives of ESP. None of these individuals was an attorney or an accountant. Petitioner claims to have relied on the advice of an attorney, one Pipp Marshall Boyls. However, *82 it does not appear that petitioner ever discussed anything pertaining to the trust with Mr. Boyls. Petitioner simply relied upon the material furnished by ESP which, in addition to generalized instructions and information concerning trust matters, also offered some general tax information. The record is clear that petitioner did not make any reasonable inquiry as to the income tax validity of his actions but simply persevered in the course of action initially adopted by him in 1972. Further, petitioner has not shown that any such claimed reliance on the "advice" of Mr. Boyls in setting up the trust was in good faith. We are convinced that petitioner was fully aware of the nature of his scheme when the entered it and, as noted, persevered with it. In Hanson v. Commissioner,696 F.2d 1232, 1234 (9th Cir. 1983), the court commented with respect to a similar arrangement that: "No reasonable person would have trusted this scheme to work." This Court has repeatedly sustained the negligence addition in cases involving similar tax avoidance schemes. See Luman v. Commissioner,79 T.C. 846, 860-861 (1982); Vercio v. Commissioner,73 T.C. 1246, 1259 (1980); *83 Wesenberg v. Commissioner,69 T.C. 1005, 1015 (1978); Vnuk v. Commissioner,621 F.2d 1318, 1321 (8th Cir. 1980), affg. a Memorandum Opinion of this Court. We are persuaded that petitioner's actions as demonstrated by this record constituted negligence or intentional disregard of the law. We therefore sustain respondent on this issue. Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in said Rule are not applicable to this case.