EDMOND and TERESA ANNIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Annis v. Commissioner
Docket No. 14265-81.
United States Tax Court
T.C. Memo 1984-144; 1984 Tax Ct. Memo LEXIS 533; 47 T.C.M. (CCH) 1341; T.C.M. (RIA) 84144; March 22, 1984. *533 In 1978, H and W formed a "family trust." They conveyed all their assets are their lifetime services to the family trust. H and W constituted a majority of the trustees and controlled the family trust throughout its operations except for the first day. Held: (1) H and W's assignment of property and services to the family trust constitutes an anticipatory assignment of income which is invalid for tax purposes. In addition, H and W are treated as the owners of the income from the property and services under the grantor trust provisions of secs. 671-677, I.R.C. 1954. (2) Deductibility of H and W's claimed business expenses and losses determined. (3) H and W are liable for the additions to tax under sec. 6653(a), I.R.C. 1954, relating to negligence. Edmond Annis, pro se. Deborah A. Butler, for the respondent. SIMPSON
*535 MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Addition to Tax
Sec. 6653(a)
Year
Deficiency
I.R.C. 1954 [1]
1978
$592.13
$29.60
1979
701.86
35.09
After concessions by the petitioners, the issues for decision are: (1) Whether the family trust is to be recognized as a separate taxable entity for Federal tax purposes; (2) whether the petitioners are entitled to claimed business expenses and losses in excess of those allowed by the Commissioner; and (3) whether the petitioners are liable for the additions to tax pursuant to section 6653(a), relating to negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Edmond and Teresa Annis, husband and wife, were legal residents of Irving, Tex., when they filed their petition in this case. They filed their joint Federal income tax returns for 1978 and *536 1979 with the Internal Revenue Service Center, Austin, Tex.
On May 11, 1978, Mr. Annis, as trustor, signed a document titled "Declaration of Trust of This a Constitutional Pure Equity Trust," which purported to create the "Annis Family Trust" (the family trust). The original trustees of the family trust were Mrs. Annis and Gordon Stephen Buttorff.The petitioners paid Mr. Buttorff $2,500 for printed forms used to set up the family trust. On May 12, 1978, Mr. Annis was appointed a trustee, and on May 13, 1978, Mr. Buttorff resigned as trustee, leaving Mr. and Mrs. Annis as the sole trustees. On July 30, 1979, Geraldine B. Kendrick was appointed as a third trustee by Mr. Annis as "grantor/creator." She had previously been appointed as an interim trustee and had previously signed trust documents as a trustee. The trust instrument gave the trustees board powers and stated that "Resolutions of the Board of Trustees authorizing a special thing to be done shall be evidence that such act is within its power." Except for "emergency matters," action by the trustees required a majority vote of all of the trustees. The trust instrument also provided that "The Trustees shall fix and pay *537 compensation of all officers, employees or agents in their discretion, and may pay themselves such reasonable compensation for their services as may be determined by the Board of Trustees." The family trust was originally set up to last for 25 years. However, by unanimous action, the trustees could terminate the trust at any time. Upon the expiration of the first 25 years, the trustees could renew the trust for an additional 25 years or for a shorter period. The trust instrument provided that the equitable interests in the trust would be divided into 100 units and that beneficial certificates of interest would be issued to represent such interests. On May 11, 1978, Mr. Annis conveyed his interests in all of his real and personal property as well as his "lifetime services" to the family trust in exchange for all 100 units of beneficial interest. On the same date, Mrs. Annis conveyed her interests in certain real and personal property to Mr. Annis as trustee of the family trust "to enable said Trustee to reconvey as a Trustor, said properties simultaneously with the conveyance of his or her own real and personal properties to form the Corpus of the Annis Family Trust." Under *538 the terms of a document titled "Constitutional Trust Receipt," after Mr. Annis received the 100 units of beneficial interest, he had the original certificate immediately cancelled, and thereafter, the units of beneficial interest were reallocated, 50 to Mr. Annis and 50 to Mrs. Annis. On the same day that the family trust was formed, the trustees met and adopted a provision whereby the trust would provide for the expenses of the "executive trustees" with respect to transportation, health care, insurance, and miscellaneous items. The trustees also adopted a provision authorizing compensation for the executive trustees for their services, and Mr. and Mrs. Annis each entered into agreements with the trust whereby they agreed to furnish services to the trust in exchange for compensation of $1,200 and $800 per month, respectively. After the creation of the family trust, the petitioners terminated their personal savings and checking accounts. Thereafter, they conducted all their financial transactions through savings and checking accounts set up in the name of the family trust. The petitioners paid for all their personal living expenses out of trust funds. The petitioners dealt *539 with their real and personal property in the same manner after the creation of the family trust as they had before the creation of the family trust. In 1978, Mr. Annis received wages totaling $9,134.55, and Mrs. Annis received wages totaling $4,599.87. Together they also received $1,541.68, after an allowance for expenses, from a business run from their home. Their combined wages and business income in 1978 was $15,276.10. In 1979, Mr. Annis's wages totaled $7,936.54, and Mrs. Annis's wages totaled $8,957.68. They also derived $1,973.89, after expenses, from their business.Their combined wage and business income in 1979 was $18,868.11. No written agreements existed between the family trust and any of the petitioners' employers regarding the performance of services by the petitioners during 1978 or 1979. The petitioners' remuneration, employment duties, and work schedules were determined in the same manner after the creation of the family trust as before the creation of such trust. On their joint Federal income tax return for 1978, the petitioners reported income of $13,184.42. They failed to report $2,091.68 of income. On their joint return, the petitioners claimed *540 a loss of $13,295.54 and a refund of $1,180.15.Such loss corresponded to the loss claimed for 1978 on the Form 1041, Fiduciary Income Tax Return, filed by the petitioners as trustees of the family trust. On such trust return, they deducted $10,513.99 for clothing, laundry and cleaning, auto, education, housing, utilities, insurance, job placement, legal, and miscellaneous expenses. On their joint Federal income tax return for 1979, the petitioners reported income of $6,400, which they designated as "consulting fees." They also filed, as trustees, a fiduciary income tax return. Such return reported total income of $18,489.78, composed of $77.18 of interest income and $18,412.60 of "other estate or trust income." On the family trust return, the petitioners deducted $8,601.52 for insurance, medical, auto, property maintenance, travel, office, dues, fees, subscriptions, utilities, lease fees, and miscellaneous expenses. The petitioners also deducted $6,400 as fiduciary fees. They reported taxable fiduciary income of $3.48, a tax of zero, and claimed an overpayment of $860.14. The commissioner determined that the family trust should not be recognized for Federal income tax purposes *541 and shifted the items of income reported by the family trust back to the petitioners for purposes of calculating their correct tax liability. He also included the income earned but not reported by the petitioners in 1978. The Commissioner disregarded the loss reported on the family trust return for 1978 and deducted by the petitioners on their joint return. For 1978 and 1979, he allowed the petitioners itemized deductions and included credits for child care not claimed by the petitioners on their joint returns.In computing the income derived from the business operated out of the petitioners' home, the Commissioner made allowances for certain business expenses. Finally, the Commissioner determined additions to tax for 1978 and 1979 pursuant to section 6653(a) for negligence or intentional disregard of rules and regulations. OPINION This case is yet another of the so-called family trust cases. See Luman v. Commissioner,79 T.C. 846, 852 n. 4 (1982). The petitioners have attempted to avoid their Federal income tax liability through the creation of an entity which they hoped would be recognized for tax purposes and would allow them to deduct personal expenses from *542 income and thereby effectively eliminate their tax liability. The petitioners call our attention to Helvering v. Gregory,69 F.2d 809, 810 (2d Cir. 1934), revg. 27 B.T.A. 223 (1932), affd. 293 U.S. 465 (1935), where Judge Learned Hand wrote: "Any one may so arrange his affairs that his taxes shall be as low as possible; he is not bound to choose that pattern which will best pay the Treasury; there is not even a patriotic duty to increase one's taxes." However, there is an obligation to pay one's properly calculated income tax, and such obligation cannot be avoided by formalities without substance. The first issue for decision is whether the family trust is to be recognized as a separate taxable entity for Federal income tax purposes. The Commissioner puts forth three arguments for not recognizing the family trust for tax purposes. We will first consider the Commissioner's argument that the family trust is invalid because the assignment of property and services to it constitutes an anticipatory assignment of income. We have previously considered this issue in cases with facts indistinguishable from those in the present case and have *543 determined that such assignments are ineffective to shift the tax burden from the taxpayers to the trust. Vercio v. Commissioner,73 T.C. 1246, 1254 (1980); Wesenberg v. Commissioner,69 T.C. 1005, 1011 (1978). The petitioners concede that income earned by Mrs. Annis and income earned in "outside" business (business conducted outside the trust) is properly taxable to the petitioners. However, they argue that income earned by Mr. Annis in the performance of trust business should not be taxable to them, but they have not shown any grounds for treating such income any differently from the other income earned by the petitioners and assigned to the family trust. They also contend that their family trust is somehow distinguishable from those in this Court's previous cases, but they do not explain how their trust is distinguishable. The petitioners have the burden of disproving the Commissioner's determination and have not done so. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Welch v. Helvering,290 U.S. 111 (1933). Accordingly, we hold that the petitioners' assignment of property and services to the family trust constitutes *544 an anticipatory assignment of income which is invalid for tax purposes. See Hanson v. Commissioner,696 F.2d 1232, 1234 (9th Cir. 1983), affg. per curiam a Memorandum Opinion of this Court; Vnuk v. Commissioner,621 F.2d 1318, 1320-1321 (8th Cir. 1980), affg. a Memorandum Opinion of this Court. The Commissioner's second argument for not recognizing the family trust is that under the grantor trust provisions (section 671 - 677), the petitioners are treated as the owners of the income of the trust. Again, this Court has previously considered this issue in cases with facts indistinguishable from those in the present case and has determined that so-called family trusts, where in the discretion of the grantor or a nonadverse party or both, income can be distributed to or accumulated for the grantor's spouse, the income is taxable to the grantor under the grantor trust provisions. Luman v. Commissioner,79 T.C. at 854-855; Vercio v. Commissioner,73 T.C. at 1258-1259. We have previously described the operation of the grantor trust *545 provisions, and we will not repeat that discussion here. See Luman v. Commissioner,supra at 853-855. In the present case, the family trust is subject to sectin 677. Except during the family trust's first day of operation, the petitioners constituted a majority of the trustees and thus had the power to distribute income to either or both of them without the consent of any adverse party. Luman v. Commissioner,supra at 854. At trial, Mr. Annis testified that Aaron Liggett was also a trustee of the family trust. However, Mr. Liggett is not mentioned in any trust documents submitted to the Court, and thus, we are unable to find that he was ever a trustee. Accordingly, by virtue of sections 671 and 677, the income from the trust property is taxable to the grantor individually and Mrs. Annis because they elected to file joint returns. Luman v. Commissioner,supra at 854-855. In light of this holding, we need not consider the Commissioner's other argument that the petitioners' establishment and operation of the family trust lacked any economic substance and constituted a sham transaction for the purpose of tax avoidance. *546 The second issue for decision is whether the petitioners are entitled to claimed business expenses and losses which are unsubstantiated as to amount and deductibility. In computing the deficiencies owed by the petitioners, the Commissioner made allowances for expenses incurred in the business run from the petitioners' home. The petitioners have offered no proof of any business expenses beyond those allowed by the Commissioner. Accordingly, the Commissioner's determination will be sustained on this issue. Rule 142(a); Welch v. Helvering,supra.[3]
*547 The final issue for decision is whether the petitioners are liable for the additions to tax pursuant to section 6653(a). Section 6653(a) provides for an addition to tax if "any part of any underpayment * * * of any [income] tax * * * is due to negligence or intentional disregard of rules and regulations." The petitioners bear the burden of proving that the additions to tax do not apply. Rule 142(a); Luman v. Commissioner,79 T.C. at 860-861. The petitioners claim that they sought professional assistance in preparing their returns, but they failed to prove that they secured the assistance of a competent tax expert. See Perrett v. Commissioner,74 T.C. 111, 134-135 (1980), affd. without published opinion 679 F.2d 900 (9th Cir. 1982); Colorez Corp. v. Commissioner,51 T.C. 467, 474-475 (1968). On this record, we find that the petitioners have failed to carry their burden, and we sustain the determination of the Commissioner as to the additions to tax. Hanson v. Commissioner,696 F.2d at 1234; Vnuk v. Commissioner,621 F.2d at 1321; Luman v. Commissioner,79 T.C. at 860-861; *548 Vercio v. Commissioner,73 T.C. at 1259; Wesenberg v. Commissioner,69 T.C. at 1015. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
3. At trial, Mr. Annis argued that he should be allowed a $1,600 casualty loss deduction in 1978. He said that he paid $1,600 in 1978 in settlement of a lawsuit arising out of an automobile accident. The Commissioner disallowed the casualty loss deduction, and neither party argued this point on brief. The petitioners have the burden of proving that the loss was sustained and that it was deductible, and they have failed to do so. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933); see Diamond v. Commissioner,19 T.C. 737 (1953); Dickason v. Commissioner,20 B.T.A. 496↩ (1930). Thus, we sustain the Commissioner's disallowance of this deduction.