NORMAN P. LIND AND PHYLLIS M. LIND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lind v. Commissioner
Docket No. 18827-82.
United States Tax Court
T.C. Memo 1985-490; 1985 Tax Ct. Memo LEXIS 139; 50 T.C.M. (CCH) 1096; T.C.M. (RIA) 85490; September 19, 1985. Norman P. Lind and Phyllis M. Lind, pro se, and Neil J. Driscoll, on brief for the petitioners. *
*140 John C. Meaney, for the respondent. PARKER
MEMORANDUM OPINION PARKER, Judge: Respondent determined a deficiency in petitioners' 1980 Federal income tax in the amount of $9,142 and an addition to tax under section 6653(a)[1] in the amount of $457.10. The issues remaining for decision are (1) whether, and, if so, to what extent, petitioners are entitled to various claimed business expense deductions (section 162), including deductions arising from the business use of their home (section 280A), in excess of the amount allowed by respondent; and (2) whether petitioners are liable for the section 6653(a) addition to tax for negligence or intentional disregard of rules and regulations. Some of the facts have been stipulated and are so found. The stipulations of fact and exhibits attached thereto are incorporated herein by this reference. To facilitate disposition of this case, we will combine our findings of fact *141 and opinion. Petitioners resided in Grants Pass, Oregon at the time they filed their petition in this case. For the taxable year 1980, petitioners filed a joint Federal income tax return (Form 1040) with the appropriate Internal Revenue Service (IRS) office. For 1980, petitioner Phyllis M. Lind (Mrs. Lind), as "Trustee" of the "Norman P. Lind Family Equity Trust," filed a Federal fiduciary income tax return (Form 1041) with the appropriate IRS office. Petitioners' "Family Equity Trust" was typical of the family trust schemes that the courts have repeatedly and uniformly held to be ineffective for Federal tax purposes. Hanson v. Commissioner,696 F. 2d 1232 (9th Cir. 1983), affg. a Memorandum Opinion of this Court; Vnuk v. Commissioner,621 F. 2d 1318 (8th Cir. 1980), affg. a Memorandum Opinion of this Court; Vercio v. Commissioner,73 T.C. 1246 (1980); Markosian v. Commissioner,73 T.C. 1235 (1980); Wesenberg v. Commissioner,69 T.C. 1005 (1978). [2] After the filing of the petition but before trial, petitioners conceded the family trust issues and accepted respondent's determination that *142 their "Family Equity Trust" was ineffective to shift the burden of taxation on their earnings away from petitioners. In a Schedule C (Form 1040) for Mrs. Lind's wallpaper hanging business attached to the fiduciary return filed for the family trust, Mrs. Lind reported $6,500 of gross receipts and claimed a deduction of $1,066 for supplies. [3] In his statutory notice, respondent allowed petitioners the $1,066 of business expenses claimed on the fiduciary return for their family trust. At the trial petitioners could not explain what the $1,066 represented. *143 Following their concession of the family trust issue, petitioners at trial claimed the following Schedule C deductions for Mrs. Lind's wallpaper hanging business: Advertising
$ 26
Depreciation: Ford Van
$1,540
Home (business use)
260
"Blacktop repairs"
(Repaving driveway)
21
Total depreciation:
1,821
Dues and publications
7
Insurance
345
Legal and professional
services
129
Rent on business property
13
Repairs
346
Supplies
1,365
Taxes
75
Telephone
75
Utilities
158
Contract services
368
Gasoline
1,088
Total
$5,816
Except for the deduction for supplies in the amount of $1,066 allowed in his statutory notice, respondent challenges all of these claimed business expenses for lack of substantiation. The record does not establish whether the $1,066 allowed by respondent is included in or in addition to the $5,816 expenses now claimed by petitioners. [4]
*144 During 1980, Mrs. Lind was self-employed in her wallpaper hanging business, which she had been conducting for six years in Grants Pass and the surrounding 40-mile area. Petitioner Norman P. Lind (Mr. Lind) was not actively involved in Mrs. Lind's wallpaper business. Mrs. Lind kept no formal books or records such as a ledger or diary. Instead, she used her checking account with fairly contemporaneous notations on the checks and a VISA account, which she examined monthly to determine which expenditures were attributable to her business. The checks and VISA statements introduced at trial, however, show some personal expenditures and some expenditures whose purposes are unclear. Petitioners' claimed deductions still at issue fall into three broad categories: (1) those attributable to Mrs. Lind's use of petitioners' Ford van, consisting of part of the depreciation and insurance expenses, and the claimed expenses for taxes, repairs, and gasoline; (2) those attributable to Mrs. Lind's business use of petitioners' home, consisting of the remainder of the depreciation and insurance expenses and the claimed utilities expenses; and (3) the balance of the claimed business expenses, consisting *145 of advertising, dues and publications, legal and professional services, supplies, telephone, and contract services. We shall address the claimed expenses in this manner and order. I. Business Use of Ford Van
In 1979, petitioners purchased a 1978 Ford van for approximately $6,600. In 1980 petitioners also owned a Honda automobile and a pickup. Mrs. Lind used the van for business purposes to travel to and from customers' premises, to pick up tools and supplies, and to do her banking. Mr. Lind and petitioners' child who was old enough to drive rarely used the van. Nonetheless, there is a clear pattern of personal use of the van, including trips to resort areas in Oregon, trips to California, and trips far out of the area in a 40-mile radius of Grants Pass in which Mrs. Lind conducted her wallpaper business. At best, some of these long trips had mixed business and personal purposes. In light of this strong pattern of personal use, we are not persuaded by petitioners' present claim to 70 percent business use. [5] Resolving these uncertainties against petitioners, whose inexactitude is of their own making, Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), *146 we held that petitioners are entitled to deduct only 40 percent of their substantiated van expenses.
Insurance.The checks that petitioners rely on to show their insurance expense do not clearly show the portion attributable to the van. Although they have excluded one check and a portion of a second attributable to the insurance on the pickup, the record does not show that some portion of these remaining premiums are not attributable to the Honda--the policy whose number is shown on the checks could have been for both the van and the Honda. Accordingly, bearing heavily against petitioners, we conclude that the portion of the insurance attributable to the van was $175. Cohan v. Commissioner,supra.
Repairs. Mr. Lind took care of servicing the van. We find his testimony and the checks sufficient to corroborate $202.92 of van repairs. One check (for $9.50) is clearly for wallpaper supplies. Another check (for $97.80) bears the notation "trailer repairs." Petitioners have failed to show any connection between this expenditure and Mrs. Lind's business. *147 Rule 142(a). Finally, a check for $35 was to a jeweler for Mrs. Lind's watch; this was plainly a nondeductible personal expenditure. Sec. 262. Taxes. Petitioners have substantiated $66 of this claimed expense for registration fee for the van. The remaining $9 was the fee for Mrs. Lind's driver's license, also a nondeductible personal expenditure. Sec. 262. Gasoline.Mrs. Lind usually purchased gas for the van using petitioners' VISA card; petitioners claimed to have used cash for van gasoline purchased for personal use. Nonetheless, the VISA statements in evidence show many instances of gasoline purchases for personal use or for mixed business and personal uses. We cannot allow a deduction for their gasoline purchases in a percentage greater than the same 40 percent business use we have already determined for the van generally. Petitioners' VISA records in evidence also include two statements for charges in 1979, which are not deductible in 1980. See Granan v. Commissioner,55 T.C. 753, 755 (1971) and cases cited therein. The VISA statements substantiate $1,162.80 of gasoline purchases for the months of January through October; there is also an April *148 check for gasoline in the amount of $18.50 for a business trip in the van. Under Cohan v. Commissioner,supra, we allow an additional $150 in gasoline purchases in November and December of 1980. Thus, we find a total of $1,331.30 has been substantiated for gasoline. Depreciation. Petitioners have substantiated their $6,600 cost basis in the van; respondent has not otherwise disputed their calculations (salvage value, useful life). Using the straight-line method and a three-year useful life, petitioners claim $2,200 of depreciation for 1980. To summarize, we have allowed petitioners the following expenses attributable to the van: Item
Amount
Insurance
$ 175.00
Repairs
202.92
Taxes
66.00
Gasoline
1,331.30
Depreciation
2,200.00
Total
$3,975.22
Reflecting petitioners' 40 percent business use of the van, only $1,590.09 is deductible. II. Business Use of Home
Mrs. Lind used parts of petitioners' home in her wallpaper business. One part, which she called the wallpaper office, was used to meet regularly with potential customers to prepare estimates and show patterns. She also used the office to meet with decorators and *149 contractors. The office, a room 14 feet by 16 feet, was furnished with a desk, chairs, a love seat, a filing cabinet, a typewriter, a television set, and a telephone. The other part of the house used for the wallpaper business was what Mrs. Lind called the shop, which was actually an attached single car garage about 24 feet by 20 feet. Mrs. Lind used the garage to store her tools, ladders and the like and some of her supplies; she also parked the van in the garage. Finally, in September of 1980, petitioners had the gravel driveway to the garage paved at a cost of $927. Petitioners did this because the driveway was often used by customers to park and as an entryway and because Mrs. Lind had to use the driveway to get the van into the garage. The previous gravel driveway was often muddy and thus interfered with these uses. The portion of petitioners' home used in Mrs. Lind's business (about 704 square feet) is approximately 20 percent of the total area of their home (about 3,480 square feet). Accordingly, petitioners claim depreciation on the residence, and utilities and insurance expenses, all representing 20 percent of the totals for the entire home. Petitioners also claim full *150 (100 percent) depreciation on their cost of paving the driveway. Section 280A imposes strict limitations on the deductibility of expenses for the business use of a taxpayer's residence. Respondent has conceded that the home is Mrs. Lind's principal place of business, Sec. 280A(c)(1)(A), and we find that the claimed portions were so used on a fairly regular basis. Sec. 280A(c)(1). Nonetheless, we largely agree with respondent's argument that the claimed portion was not used exclusively for business purposes. Sec. 280A(c)(1). First, with respect to the depreciation petitioners claimed for the driveway, Mrs. Lind reluctantly admitted that petitioners sometimes parked their other vehicles (the Honda and the pickup used for personal purposes) in the driveway. Consequently, it was not used exclusively for Mrs. Lind's business. Second, with respect to the office portion, there is a clear pattern of personal use, including petitioners and their children watching television, personal telephone calls, and Mr. Lind reading magazines in one of the chairs. This regular pattern of personal use violates *151 the statutory requirement of "exclusive" business use. Finally, with respect to the garage, we think that the portion in which the van was parked cannot meet the exclusive use requirement because the van itself was regularly used for personal purposes. However, we are satisfied that the portion in which Mrs. Lind stored her equipment and supplies was used exclusively for Mrs. Lind's business. That petitioners and their family members may have occasionally walked through the garage does not violate the exclusive business use rule. See Hughes v. Commissioner,T.C. Memo. 1981-140. We find that approximately 30 percent of the garage (144 square feet) was used exclusively for business purposes. Cohan v. Commissioner,supra.Thus, four percent (144 square feet divided by 3,480 square feet) of petitioners' residence was exclusively used in Mrs. Lind's business. Petitioners have adequately substantiated their home insurance of $175.57 and utility expenditures of $790. However, petitioners have substantiated a basis of only $19,000 in their home, not the $24,500 claimed. In their depreciation computations, petitioners allocated about 20 percent *152 of their total claimed cost basis ($24,500) to the land. Except for his basis substantiation argument, respondent has not otherwise contested petitioners' depreciation computations. Accordingly, we allocate $4,000 of petitioners' total cost basis to the land, leaving a $15,000 basis in the residence. Under petitioners' straight-line method and 15-year useful life, the full annual depreciation on the residence would be $1,000. We find that four percent of petitioners' substantiated expenses from the residence (depreciation, insurance, and utilities) are deductible. Petitioners' allowable deductions for Mrs. Lind's business use of their home are as follows. Depreciation
$40.00
Insurance
7.02
Utilities
31.60
Total
$78.62
III. Substantiation of other Schedule C Deductions Supplies. Petitioners now claim a total of $1,365 (including $9.50 erroneously claimed as repairs on petitioners' van) as the cost of the supplies for Mrs. Lind's vallpaper business. The numerous checks submitted in evidence are inconsistent and ambiguous, flaws that are not mended by petitioners' testimony. Petitioners have not proven that they are entitled to a deduction for supplies *153 in any amount greater than what respondent has already allowed, the $1,066. Rule 142(a). Contract Services. Occasionally, Mrs. Lind had to hire various people to help for her large projects. Among the various people temporarily employed by Mrs. Lind were her brother-in-law and two of her teenage children. Petitioners have substantiated $363 of these expenses, which we find to be ordinary and necessary. Telephone.Petitioners did not present in evidence their actual telephone bills. Instead, they claimed 20 percent of their total telephone expenses, apparently based on the percentage allocation they made for the business use of their home. Telephone expenses attributable to business use of a home telephone are not subject to section 280A. See Somppi v. Commissioner,T.C. Memo. 1984-190; Hughes v. Commissioner,supra.See also Farguson v. Commissioner,T.C. Memo. 1983-615. Nor has respondent argued section 280A with respect to these expenses. Petitioners' proof of their business telephone expenses is far from perfect; *154 nonetheless, we are persuaded that Mrs. Lind regularly used petitioners' home telephone in her business, including some long distance telephone calls. Bearing heavily against petitioners, we hold that they are entitled to deduct $45 for telephone expenses. Cohan v. Commissioner,supra.
Dues and Publications. This $7 deduction represents petitioners' subscription to Consumer's Digest. Petitioners have presented no evidence to persuade us that this expense was ordinary or necessary to Mrs. Lind's wallpaper business. Rule 142(a). Rather, it seems clearly personal and thus nondeductible. Sec. 262. Legal and Professional. This $129 expense was paid to D & J Enterprises, from whom petitioners purchased their family trust materials. Mrs. Lind could not remember what this expense was for. Consequently, the deduction is disallowed. Rule 142(a). See also Contini v. Commissioner,76 T.C. 447 (1981). Other. Petitioners' claimed deductions for advertising and rent on business property must also be disallowed.Although there are checks to substantiate the amounts claimed, petitioners failed to prove the business context of these expenditures. *155 Rule 142(a). We find that petitioners are entitled to the following additional Schedule C business expense deductions: Contract services
$363
Telephone
45
Total
$408
In total, petitioners have substantiated ordinary and necessary business expenses in an amount of $3,142.71 of the $5,816 claimed. Thus, petitioners had net income of $3,357.29 from the wallpaper business. IV. Negligence Addition
We are wholly unpersuaded by petitioners' argument that they adequately investigated their family trust scheme before getting involved and reasonably relied on the family trust promoters. The Ninth Circuit's observation regarding another taxpayer's family trust device is equally appropriate here--"No reasonable person would have trusted this scheme to work." Hanson v. Commissioner,supra,696 F. 2d at 1234. Petitioners' conduct for which the addition to tax is imposed was the filing of their return based on the family trust scheme. Petitioners' subsequent repentance does not permit forgiveness of the negligence addition. Moreover, petitioners' plainly inadequate recordkeeping for Mrs. Lind's wallpaper business and their improper deduction *156 of personal expense items independently warrant the addition to tax for negligence. Axelrod v. Commissioner,56 T.C. 248, 258-259 (1971). We sustain respondent's determination of the section 6653(a) addition. To reflect the foregoing holdings and the parties' stipulations, Decision will be entered under Rule 155.
Footnotes
*. The petition in this case, asserting family trust issues, was filed by petitioners acting pro se. Thereafter, an attorney, Barbara J. Rose, entered her appearance in the case shortly after the petition was filed. Ms. Rose did not appear at the trial, and the Court's records do not indicate that she has ever withdrawn from the case. Petitioners represented themselves at the trial, with the assistance of an advisor who is not admitted to practice in this Court, but who was permitted to sit at counsel table with petitioners. Mr. Driscoll entered his appearance several months later for purposes of filing post-trial briefs for petitioners.↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in question, and all references to "Rules" are to the Tax Court Rules of Practice and Procedure.↩
2. This Court has decided over 50 of these family trust cases by unpublished Memorandum Opinions, ruling against the taxpayers in each instance. In the statutory notice of deficiency in this case, respondent directed petitioners' attention to four of the published opinions cited in the text above. Those four published opinions were decided in 1978 and 1980.↩
3. As was typical of such family trust fiduciary returns, Mrs. Lind attempted to deduct various personal expenses as "administrative deductions," including items such as housing, utilities, telephone, medical and dental, auto lease expense and depreciation. Petitioners concede that many of these so-called administrative expenses represent nondeductible personal expenses. Respondent and petitioners have agreed that some of these claimed items represent allowable itemized Schedule A deductions; furthermore, respondent and petitioners have agreed upon petitioners' allowable loss from a rental house.↩
4. Since petitioners have not proved otherwise, the Court will assume that the $1,066 is included in the $5,816. Mrs. Lind on the Form 1041 originally reported net income of $5,433.87 from her wallpaper hanging business. Since she worked full time in the business and testified that business was good, we view with some skepticism her present claim that she netted only $684 from the business in 1980 ($6,500-$5,816). However, respondent has not suggested that any amounts of gross receipts from the business have been omitted, and the Court will address the substantiation issues as presented by the record.↩
5. Some of the deductions they now claim appear to reflect a higher percentage of business use.↩