829 F.2d 39
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William C. SAMPSON and Lucille A. Sampson, Petitioner-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 87-1185
 United States Court of Appeals, Sixth Circuit.
 September 21, 1987.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 William and Lucille Sampson appeal the decision of the Tax Court holding them liable for deficiencies in personal income tax for the years 1975 to 1979. William was a self-employed osteopath. In September 1975, he formed a professional corporation, W. Clifford Sampson, Inc. He was the president, sole shareholders, and only employee. In April 1975, Lucille established the 'Lucille A. Sampson Pure Equity Trust' and transferred the family home to the trust. William, Lucille, and their two children were the trustees and the only beneficiaries of the trust. The trust executed a contract, first with William personally, and later with the corporation, whereby William agreed to render his services for the benefit of the trust in exchange for living and working quarters.
 
 
 2
 During the years in question, the trust filed income tax returns showing business income and receipts from William's osteopathic services, but also deducted the personal home expenses as business expenses so that the trust reported no taxable income for any of those years. William and Lucille filed joint returns for those years showing very little taxable income.
 
 
 3
 On January 26, 1981, the Commissioner issued a notice of deficiency to the Sampsons, including a negligence penalty under 26 U.S.C. Sec. 6653(a). They filed a petition in Tax Court disputing the deficiencies. After certain procedural skirmishes and an interlocutory appeal, the case was tried before the Tax Court in February 1986. The court held that the purported family trust was a sham tax avoidance scheme which could not shift the incidence of tax on the income earned by William to the trust. The court affirmed the full amount of the deficiencies assessed by the Commissioner including the negligence penalty.
 
 
 4
 The Sampsons' arguments on appeal are meritless. It is settled law that an anticipatory assignment of income such as William made to the trust in this case will not operate to shift the tax liability of that income. Lucas v. Earl, 281 U.S. 111 (1930). The circuit courts have uniformly held that these types of family trust schemes will not relieve the income earner of paying tax on the income. See, e.g., Whitesel v. C.I.R., T.C. Memo 1983-9, affd. without published opinion, 745 F.2d 59 (6th Cir. 1984); Hanson v. C.I.R., 696 F.2d 1232 (9th Cir. 1983); Schulz v. C.I.R., 686 F.2d 490 (7th Cir. 1982).
 
 
 5
 Accordingly, we affirm the Tax Court's decision on the basis of Judge Hamblen's opinion, T.C. Memo (June 9, 1986).
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation