**Dr. Bruce HOLMAN; Audrey B. Holman, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 83–1528.

United States Court of Appeals, Tenth Circuit.

Submitted on the Briefs Pursuant to Tenth Circuit Rule 9.

Decided Feb. 29, 1984.

Dr. Bruce Holman, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Jonathan S. Cohen and Libero Marinelli, Jr., Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court granting summary judgment in favor of defendant and denying any relief to plaintiffs in their action for refund of overpayment of taxes for the years 1973 and 1974.

Plaintiffs, husband and wife, sought to form a trust (the "Bruce Holman Family Estate") which would hold as corpus all personal and real property owned by plaintiffs. In addition, the trust acquired the exclusive right to plaintiff Bruce Holman's services and future earnings. The trust originally named plaintiffs and Bruce Holman's mother, Addie Duncan, as trustees. Approximately five months later, Addie Duncan resigned as trustee leaving plaintiffs as sole trustees. Plaintiffs were also named as officers of the trust for which they were to be paid consulting fees. Plaintiffs, their four children and the "Bruce Holman Educational and Research Trust" were named as beneficiaries. Plaintiffs continued to use their property in the same manner as they had prior to the creation of the trust. The trust was obligated to pay various living expenses for plaintiffs and their family, such as "rent" and maintenance on plaintiffs' home, utilities, automobile expenses such as gas, oil, maintenance, insurance premiums, as well as other miscellaneous expenses.

Under the terms of the trust, the beneficiaries were entitled to receive only what the trustees, in their discretion, decided to distribute. The trustees had the power to fix and pay compensation for themselves in their capacity as trustees. The trustees' powers were "construed as general powers of citizens of the United States of America, to do anything any citizen may do in any state or country," and essentially to take any action that they may "deem advantageous." The duration of the trust was stated as "twenty-five years from date, unless the trustees shall unanimously determine upon an earlier date."

In January 1974 plaintiffs received a letter from the Internal Revenue Service informing them that the Service would not recognize the trust for federal income tax purposes. Nevertheless, the Bruce Holman Family Estate (a Trust) filed a fiduciary income tax return for the tax years 1973 and 1974. Plaintiffs also filed a joint return for those years. The trust included in income the earnings of Dr. Holman and took deductions for various expenses such as payments to the plaintiffs as consultants, officers and trustees of the trust as well as other personal living expenses of plaintiffs.

Upon the filing of the returns in 1973 and 1974, plaintiffs were audited and their income was increased by the amounts reported by the trust. This amount was then decreased by deducting the amounts reported by plaintiffs as consulting fees and distributions from the trust, together with allowable deductions. As a result of the increase in income, plaintiffs were assessed deficiencies for the tax years 1973 and 1974 for taxes, interest, and negligence penalties.

Plaintiffs paid the deficiency and brought the instant action for refund claiming that the trust was valid and that plaintiffs should not have been taxed on the trust's income. Plaintiffs also contended that the Service should have allowed a deduction to plaintiffs for the cost of the materials and forms which enabled plaintiffs to set up the trust. On cross-motions for summary judgment and on stipulated facts and exhibits, the district court entered judgment in favor of defendant and against plaintiffs.

The court held that plaintiffs' attempt to create a trust was merely an anticipatory assignment of income which would not shift the incidence of taxation from plaintiffs to the trust. Secondly, the district court relied on the "grantor trust" provisions of 26 U.S.C. §§ 671–679 (1976) in determining that plaintiffs were properly taxed on the income. The district court further held that the Service properly disallowed plaintiffs' claimed deduction for the cost of the trust materials and that the Service correctly assessed negligence penalties.

On appeal, plaintiffs raise three claims: (1) The family trust is valid and should have been recognized by the Service; (2) the deduction for trust materials should have been allowed; (3) plaintiffs were wrongfully assessed negligence penalties.

Although this circuit has not yet considered the tax consequences of this type of "family trust," three circuits and the United States Tax Court have considered the issue and have uniformly applied the assignment of income doctrine and the grantor trust provisions in holding that trusts virtually identical to the one in question are mere shams designed for tax avoidance purposes. *See, e.g., Hanson v. Commissioner,* 696 F.2d 1232 (9th Cir.1983); *Schulz v. Commissioner,* 686 F.2d 490 (7th Cir.1982); *Vnuk v. Commissioner,* 621 F.2d 1318 (8th Cir.1980); *Vercio v. Commissioner,* 73 T.C. 1246 (1980); and *Wesenberg v. Commissioner,* 69 T.C. 1005 (1978).

The assignment of income doctrine originated with the Supreme Court decision of *Lucas v. Earl,* 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930), which stands for the principle that income is taxed to the one who earned it. The Bruce Holman Family Estate Trust is a transparent attempt to assign the income earned by Dr. Holman. An examination of the terms of the trust reveals that the trust neither supervises Dr. Holman's employment nor determines his compensation. *Vnuk,* 621 F.2d at 1321. Furthermore, Dr. Holman is under no legal duty to earn money or perform services for the trust. *Id.* Dr. Holman is no less the earner of the income than he was before simply because he now purports to act as an "employee" or "servant" of the trust.

Under 26 U.S.C. § 671, the grantor of a trust is treated as the owner of that trust if certain conditions specified in 26 U.S.C. §§ 672–679 exist. Critical to the discussion here is § 674(a) which provides that:

> [T]he grantor shall be treated as the owner of any portion of a trust in respect of which the beneficial enjoyment of the corpus or the income therefrom is subject to a power of disposition, exercisable by the grantor or a nonadverse party, or both, without the approval or consent of any adverse party.

"Adverse party" is defined in § 672(a) as "any person having a substantial beneficial interest in the trust which would be adversely affected by the exercise or nonexercise of the power which he possesses respecting the trust." Section 677, which was amended by the Tax Reform Act of 1969, Pub.L. 91–172 sec. 332, 83 Stat. 599, provides that the grantor is to be treated as the owner of any portion of a trust whose income could, in the discretion of the grantor or a nonadverse party or both, be distributed to, or accumulated for, the grantor's spouse. The regulations promulgated by the Treasury Department under § 677 specifically exclude the grantor's spouse as an adverse party. 26 C.F.R. § 1.677(a)–1(b)(2). It was on this basis that the district court ruled that the "grantor trust" provisions apply to the Holman Trust.

For the majority of the tax years in question, Bruce Holman and his wife, Audrey, were the sole trustees of the trust. In an attempt to circumvent the grantor trust provisions both Bruce and Audrey held beneficial interests in the trust assets. In this way, plaintiffs sought to be considered as adverse parties to each other thereby avoiding the effects of §§ 671–679. The only way Audrey could be considered adverse would be if she exercised her power as trustee so as to prevent income from being distributed to herself as beneficiary. As pointed out in *Vercio,* 73 T.C. at 1248–49 and *Luman v. Commissioner,* 79 T.C. 846 (1982), it is inconceivable that the grantor's

spouse would be motivated to prevent income from being distributed or held for her benefit. Therefore, Audrey cannot be an adverse party as to Bruce. Bruce and Audrey Holman were properly taxed on the income conveyed to the trust under 26 U.S.C. §§ 671–79.

■ The deductions sought by plaintiffs for the cost of the trust materials were properly disallowed. Generally speaking, 26 U.S.C. § 212 provides for the deduction of expenses incurred for the production or collection of income, for the maintenance of property held for the production of income or for tax advice. 26 U.S.C. § 162 provides for the deduction of ordinary and necessary business expenses. Plaintiffs have failed to carry the burden of proving their entitlement to a deduction for the cost of the trust materials under either 26 U.S.C. § 162 or § 212. *See Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933). Cases such as *Gran v. Commissioner,* 664 F.2d 199 (8th Cir.1981) and *Contini v. Commissioner,* 76 T.C. 447 (1981) have held that the cost of establishing a family trust of this kind is a nondeductible personal expense under 26 U.S.C. § 262. Plaintiffs have not demonstrated why the reasoning set forth in both *Gran* and *Contini* should not apply to the instant case.

■ With regard to the five percent negligence penalty, the taxpayer has the burden to show the absence of negligence in underpaying the taxes owed. *Potito v. Commissioner,* 534 F.2d 49 (5th Cir.1976), *cert. denied,* 429 U.S. 1039, 97 S.Ct. 736, 50 L.Ed.2d 751 (1977). The district court held that the plaintiffs had not met their burden of showing the absence of negligence. The court relied on the fact that the Service had advised the plaintiffs prior to the filing of their tax returns for the years 1973 and 1974 that the trust would not be recognized for income tax purposes. The court found the trust to be nothing more than an "obvious attempt at tax avoidance." In light of the findings that the plaintiffs had failed to meet their burden of proof, the district court's determination is correct. *See Han-*

*son,* 696 F.2d at 1234; *Vnuk,* 621 F.2d at 1321.

The Bruce Holman Family Estate (a Trust) is a mere sham, lacking any economic substance. *See Hanson,* 696 F.2d at 1234. The district court properly applied the assignment of income doctrine and the grantor trust provisions of 26 U.S.C. §§ 671–679 in determining that plaintiffs are not entitled to a refund for overpayment of taxes for the years 1973 and 1974.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

The mandate shall issue forthwith.