ROYAL E. HIGGINS and PATRICIA HIGGINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Higgins v. Commissioner
Docket No. 13133-79.
United States Tax Court
T.C. Memo 1984-330; 1984 Tax Ct. Memo LEXIS 338; 48 T.C.M. (CCH) 391; T.C.M. (RIA) 840330; June 28, 1984. *338 In 1975, Ps paid $1,250 for materials to establish a family trust. During 1976, Ps paid interest on mortgages on two parcels of real property. Held, Ps may not deduct the amount paid for the family trust materials. Held,further, the amount of deductible interest determined. Royal E. Higgins, pro se. Dennis Brager, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined *339 the following deficiencies in, and additions to, the petitioners' Federal income taxes: Addition to Tax
Sec. 6653(a)
Year
Deficiency
I.R.C. 1954 [1]
1975
$414.49
$20.72
1976
3,355.00
167.75
After concessions by the parties, the issues remaining for decision are: (1) Whether the petitioners are entitled to a deduction of $1,250 for amounts paid in 1975 in connection with the creation of a family trust, and (2) whether the petitioners are entitled to an interest deduction for 1976 in excess of the amount allowed by the Commissioner. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Royal E. and Patricia Higgins, are husband and wife who had their legal residence in Santa Paula, Calif., at the time they filed their petition. They timely filed joint Federal income tax returns for 1975 and 1976. Mrs. Higgins filed U.S. Fiduciary Income Tax Returns (Form 1041) on behalf of an entity called the "Royal E. Higgins Equity Trust" (the trust) for 1975 and 1976. During 1975, Mr. Higgins *340 was employed as an engineer, although he was contemplating entering the real estate business. On October 5, 1975, Mr. Higgins established the trust in an attempt to preserve his property for his family in the event of his death. Mr. Higgins paid $1,250 to Educational Scientific Publishers (ESP) for materials to create the trust. Mr. Higgins and his wife resided at 1141 Fuchsia Lane in Santa Paula (the Fuchsia house) at the time he created the trust. Subsequently, the transferred to the trust record title to the Fuchsia house. During 1976, Mr. Higgins and his wife acquired two other properties, taking title in the name of the trust. One of the properties was a house on Santa Barbara Street which they held for rent. During September 1976, they acquired the other property which was located at 1007 Stonegate Road in Santa Paula (the Stonegate house) and into which they moved at the end of September. At such time, Mr. and Mrs. Higgins began to hold the Fuchsia house for rent. During October, the Fuchsia house was empty, but it was rented during November and December 1976. On September 14, 1976, the owner of the Stonegate property executed a deed of such property to the trust, and *341 such deed was recorded on September 27, 1976. The trust financed the acquisition of the Stonegate house by assuming debts secured by two deeds of trust on the property. On September 23, 1976, the trust, as purchaser, executed an assumption agreement with the owner and with Heritage Savings and Loan Association (Heritage), the holder of the first deed of trust. The outstanding balance of the loan was $32,161.5i to which were added bank charges of $30.00 and an assumption or loan origination fee of $490.23, paid to Heritage in consideration of its consent to the loan assumption. Thus, the total amount of the first debt assumed by the trust was $32,681.75. The assumption agreement specified that interest on the outstanding balance of the loan had been paid through September 1, 1976. The agreement also specified that the interest rate was increased from 9 to 9-1/4 percent, effective October 1, 1976, and that the fixed monthly principal and interest payment was increased from $263.50 to $269.00, effective November 1, 1976. There is nothing in the record concerning the interest rate or monthly payment on the second loan of $3,250. On September 20, 1976, the trust owed $26,159.99 *342 to the Santa Paula Savings and Loan Association (Santa Paula Savings), which was the holder of the deed of trust on the Fuchsia house. Prior to September 20, 1976, the interest rate on the Fuchsia house loan was 8.75 percent, and the monthly principal and interest payment was $207.70. On that date, the trust applied to Santa Paula Savings for an additional loan in the amount of $10,000. Santa Paula Savings granted the loan by additing $10,000 to the outstanding balance of the loan on the Fuchsia property, creating a total outstanding loan balance of $36,159.99. At such time, Santa Paula Savings increased the interest rate on the new loan balance to 9 percent; the monthly payment was increased to $295.51, beginning on October 15, 1976. From the loan proceeds of $10,000, Santa Paula Savings deducted a $100 loan fee. On their 1975 income tax return, Mr. and Mrs. Higgins deducted $1,250 as an amount paid for the trust materials. In his notice of deficiency, the Commissioner disallowed the deduction. On the trust's 1976 return, $1,094.23 was deducted as "mortgage pmt" on the Fuchsia house for the period that such property was held for rent during 1976. The Commissioner, apparently *343 believing that such amount represented deductible interest, allowed it as a deduction in computing the individual income tax liability of Mr. and Mrs. Higgins for 1976. OPINION The first issue for decision is whether the petitioners are entitled to a deduction for the $1,250 that they paid to ESP in connection with the creation of the family trust in 1975. [2] The petitioners claim that such amount is deductible as an educational expense under section 162. Sec. 1.162-5, Income Tax Regs. The Commissioner replies that the payment constituted a nondeductible personal expense. The petitioner bears the burden of proving that he is entitled to the deduction.Rule 142(a), Tax Court Rules of Practice and Procedure; [3]Welch v. Helvering,290 U.S. 111 (1933). We have previously refused to allow a deduction for the costs associated with the creation of "family trusts" as educational expenses under section 162. Contini v. Commissioner,76 T.C. 447, 454-455 (1981); *344 see also Holman v. United States,728 F.2d 462 (10th Cir. 1984). [4] The petitioners argue that the present case is distinguishable because Mr. Higgins was engaged in the real estate business during 1975 and because the trust "education" helped him maintain or improve the skills required in such business. We do not agree. During 1975, Mr. Higgins was employed as an engineer. The only evidence that Mr. Higgins was in the real estate business during 1975 was his testimony that, in that year, he decided to enter the real estate business. There is absolutely no evidence that Mr. Higgins actually engaged in the real estate business during 1975, although the petitioners did own two rental properties during 1976. Moreover, there is no evidence concerning the "education" provided by ESP or regarding how the "educational" materials maintained or improved Mr. Higgins' business skills. See sec. 1.162-5(a)(1), Income Tax Regs. Thus, even if he was in the real estate business, he has failed to prove that the "materials" served to improve his skills in that business. [5]
*345 Finally, Mr. Higgins' testimony leaves no doubt that his reasons for establishing the trust were based primarily, if not solely, on estate planning considerations. At the trial and again in the brief, Mr. Higgins emphasized that "I used the Trust in an attempt to establish an estate for my family which I hoped the governments could not take away upon my death." We have held that expenses for such purposes are not deductible under section 212, but are nondeductible personal expenditures within the meaning of section 262. Luman v. Commissioner,79 T.C. 846, 855-859 (1982). Accordingly, the petitioners are entitled to no deduction for the amount paid in connection with the creation of the trust, and we sustain the Commissioner's determination with respect to this issue. The second issue for decision is whether the petitioners are entitled to an interest deduction for 1976 in excess of the amount allowed by the Commissioner. [6]
In his brief, the Commissioner *346 concedes that the petitioners incurred $2,546.09 of deductible interest expense on the Fuchsia house for 1976. The Commissioner observes that he previously allowed the petitioners a deduction for $1,094.23 of such interest, leaving them entitled to an additional interest deduction of $1,451.86 for the Fuchsia house. The petitioners do not dispute the Commissioner's computation, and accordingly, we conclude that they are entitled to an additional interest deduction of $1,451.86 for the Fuchsia house. The petitioners also assert that they are entitled to a deduction for the loan fees of $490.23 arising from the assumption of the Stonegate loan and $100.00 arising from the $10,000.00 Fuchsia loan. The evidence regarding such amounts is not entirely clear; but it appears that the $490.23 was added to the outstanding balance of the loan that the trust assumed, and accordingly, such amount was not paid during 1976. The petitioners contend that the fee was paid from a $6,000 escrow deposit that they made during the closing of the purchase of the Stonegate house. However, an examination of the escrow document makes clear that such deposit was applied to the purchase price of the house, *347 as was the total balance of the loan assumed by the trust, which balance included the $490.23 loan fee. Thus, no part of the escrow deposit constituted payment of the loan fee. Likewise, the $100 loan fee was apparently taken from the proceeds of the $10,000 loan and was also not paid during 1976. Accordingly, the petitioners may not deduct the loan fees for 1976. Schubel v. Commissioner,77 T.C. 701 (1981); Rubnitz v. Commissioner,67 T.C. 621 (1977). In their brief, the petitioners claim deductions for interest on the Stonegate house for September through December 1976. The petitioners also claim a second interest payment for December which is unexplained. Finally, they claim $120.90 as interest on the second loan on the Stonegate house. In his brief, the Commissioner agrees that the petitioners are entitled to deduct the interest payments for November and December 1976, but nowhere does he explain why the interest payments for September and October are not allowed. Finally, he asserts that the petitioners have not proved that they are entitled to an interest deduction with respect to the second Stonegate loan. After an examination of *348 the record, we conclude that the petitioners are entitled to deduct the interest payments they claim with respect to the Stonegate house for September and October 1976. It is clear from the loan application that the petitioners were responsible for the interest on the Stonegate loan that accrued after September 1, 1976. The Commissioner does not contend that such payments were not in fact made, nor does he offer any other reason for disallowing them in light of the evidence presented by the petitioners. Accordingly, we conclude that the petitioners have sustained their burden of proving that they are entitled to deduct interest payments on the Stonegate house of $212.42 for September 1976 and $251.91 for October 1976, [7] in addition to the amounts allowed by the Commissioner. The result is different with respect to the other amounts claimed by the petitioners. They have offered no explanation for the second December interest payment which they claim, and nothing in the record indicates that they made, or were responsible for making, two mortgage *349 payments in December of 1976. Accordingly, we conclude that the payment referred to by the petitioners in their brief as "Dec. Pmnt to Home Savings and Loan" is not a deductible interest expense for 1976. Finally, we agree with the Commissioner that the petitioners have failed to prove the amount of interest, if any, that they paid in 1976 on account of the second Stonegate loan that the trust assumed in 1976. [8] We conclude that the petitioners are not entitled to an interest deduction in any amount on account of such loan. To reflect concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. The petitioners have conceded that all items of income and deduction for 1975 and 1976 are attributable to them individually and not to the trust. ↩
3. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩
4. Morgan v. Commissioner,T.C. Memo. 1978-401↩.
5. See Howe v. Commissioner,T.C. Memo. 1982-631↩.
6. The positions taken by the parties concerning the amount of deductible interest have changed somewhat during the proceedings. Our opinion is based on the parties' final computations in their briefs.↩
7. The parties do not dispute the amounts of the monthly interest payments, and accordingly, we accept the petitioners' computations.↩
8. In this context, we remind the petitioners that our decisions can only be based upon the evidence in the record and that materials submitted with a brief, but not submitted at the trial, are not evidence and cannot be considered. Rule 143(b); West 80th Street Garage Co. v. Commissioner,12 B.T.A. 798 (1928); Lyon v. Commissioner,1 B.T.A. 378↩ (1925).