DONALD LEE McCABE and JEAN H. McCABE, Petitioners v. COMMISSIONER OR INTERNAL REVENUE, Respondent; DONALD LEE McCABE, D.O., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCabe v. Commissioner
Docket Nos. 14355-83, 14356-83.
United States Tax Court
T.C. Memo 1985-34; 1985 Tax Ct. Memo LEXIS 599; 49 T.C.M. (CCH) 572; T.C.M. (RIA) 85034; January 16, 1985. Donald Lee McCabe, pro se. *601 Thomas M. Rohall, for the respondent. COHEN MEMORANDUM OPINION COHEN, Judge: In docket No. 14355-83, respondent determined deficiencies against Donald Lee McCabe and Jean H. McCabe as follows: Additions to Tax
Tax Year Ended
Deficiency
Sec. 6653(a) [1]
December 31, 1979
$40,827
$2,041
December 31, 1980
36,301
1,815
In docket No. 14356-83, respondent determined deficiencies against Donald Lee McCabe, D.O., Inc., as follows: Additions to Tax
Tax Year Ended
Deficiency
Sec. 6653(a)
April 30, 1979
$251
$13
April 30, 1980
2,487
124
April 30, 1981
1,787
89
In docket No. 14355-83, petitioners have refused to comply with an order directing them to produce records of the family trust. In both cases they have attacked the Court's jurisdiction and raised frivolous and groundless arguments. Respondent has moved for dismissal of both petitions and for damages under section 6673. Donald Lee McCabe and Jean H. McCabe (petitioners) *602 resided in Sacramento, California, at the time their petition was filed. Donald Lee McCabe, D.O., Inc. (the corporation), had its principal place of business in Sacramento, California, at the time its petition was filed. Each petition was timely filed and expressly and by implication of law invoked the jurisdiction of this Court. Sections 6213, 6214, and 7442. The petition in docket No. 14355-83 alleged that the total amount determined by respondent was in dispute because respondent erred in disregarding purported contractual agreements between the D & J McCabe Trust (the Trust), the corporation and petitioner Donald Lee McCabe. The petition also disputed respondent's determination that the Trust was a sham. Respondent's Answer was filed in due course. Thereafter, petitioner filed a request for jury trial, which was denied, and served on respondent various interrogatories and other demands that were not reasonably calculated to lead to the discovery of admissible evidence or were merely rhetorical questions and tax protest arguments. Thereupon, respondent moved for leave to file an Amendment to Answer seeking damages under section 6673 on the ground that petitioners *603 were apparently attempting to litigate arguments previously found to be frivolous or groundless by this and other courts. Respondent's motion was granted, and the Amendment to Answer was filed on August 31, 1984. Meanwhile, on August 8, 1984, respondent served on petitioner interrogatories and a request for production of documents relating to the family trust put in issue by the petition in docket No. 14355-83. When petitioners failed to answer the interrogatories or to produce the documents requested, respondent moved for order compelling compliance with that discovery.On October 29, 1984, the Court ordered petitioners to answer the interrogatories and to produce the documents on or before November 16, 1984. Petitioners failed and refused to comply with that Court order, submitting, instead, a Motion to Rescind the Order, Dated October 29, 1984, for Production of Documents. In that motion, petitioners claimed that, although they were two of the trustees of the Trust created by them, they could not disclose the "private documents" of the Trust because "[t]he Trust has a right to privacy and at this time is exercising its right to privacy and to the right against any *604 possible incrimination by staying out of this case." The petition of the corporation in docket No. 14356-83 disputed respondent's disallowance of expenses for automobiles provided by the corporation for the individual petitioners, life insurance provided for Dr. McCabe, unsubstantiated equipment rental, and expenses relating to travel, meetings, and conventions. A request for jury trial was also filed and denied in that case. Both cases were set for trial in San Francisco, California, on November 26, 1984, pursuant to notice served September 10, 1984. On October 9, 1984, petitioners filed a Motion to Compel Production of Documents or to Impose Sanctions Under Rule 104, relating to their improper interrogatories previously served on respondent. That motion was denied. On October 15, 1984, petitioners filed a Request for Continuance on the ground that their interrogatories had not been answered. That request was denied.On October 30, 1984, petitioners filed a further Motion to the Court to Order Respondent to Answer Interrogatories Dated August 8, 1984, which referred to a document entitled "Motion and Demand for Proof of 'On Record' of Agency Jurisdiction Over Person *605 and Subject Matter," filed August 13, 1984; that motion was also denied. When the case was called for trial, petitioners had not responded to the Court's order of October 29, 1984, in a timely manner or at all. They had refused to stipulate to any documents or other facts. They persisted in their refusal to produce trust documents, other than the original Declaration of Trust. Respondent moved for dismissal of docket No. 14355-83 for failure of petitioners to comply with the Court order and for dismissal of docket No. 14356-83 for failure to properly prosecute. Respondent further moved for damages in each case under section 6673. The Court heard extensive argument by petitioners in order to determine whether they had any excuse for failure to comply with the Court order and whether they intended, in good faith, to properly prosecute either case. Petitioners have persisted in frivolous attacks on the Court and on respondent. They presented to the Court a series of documents containing numerous scurrilous charges, including an alleged "conspiracy" between respondent and the Court. Also included among the documents filed by petitioners are letters from respondent and *606 from the Clerk of the Court, as well as copies of the Court's orders, which advised them of the lack of merit to their contentions and the probable consequences of their persistence. During the trial, the Court referred them to further authorities showing the lack of merit to their arguments, but petitioners were unrelenting in their insistence on rejecting the authorities that do not support their positions because, according to Dr. McCabe: So, I've had to scratch my head and figure out how I can defend myself, because I certainly don't have the money and you can't get blood out of a stone, so I have to figure all the arguments possible. Even if you happen to think that they're frivolous, they're still arguments that I have to come up with. While making these unwarranted attacks on the jurisdiction of the Court and the validity of respondent's determination, petitioners asserted generally that they individually and the corporation were entitled to the deductions taken on the tax returns, that they were being twice taxed on certain items because the income was first taxed to the corporation and then taxed to them on distribution to them, and that they had otherwise been mistreated *607 by respondent. Petitioners have the burden of proving during trial that respondent's determination is incorrect and that they are entitled to the deductions that they claim under specific sections of the Internal Revenue Code. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure. In order to overcome the additions to tax under section 6653(a), they must prove that they were not negligent or did not intentionally disregard rules and regulations. Bixby v. Commissioner,58 T.C. 757 (1972). When petitioners make frivolous arguments, those arguments reflect on the reliability of their perceptions and judgment and the credibility of their assertions. Under such circumstances, testimony amounting to no more than a claim that the returns were correct when filed does not satisfy their burden of proof. See Wilkinson v. Commissioner,71 T.C. 633, 639 (1979). Petitioners' failure and refusal to comply with the Court's order of October 29, 1984, in docket No. 14355-83, and their failure to stipulate or otherwise properly *608 to prosecute or to produce evidence in support of the issues as to which they have the burden of proof, in both cases, are independent and cumulative grounds for dismissal. Rules 104(c)(3), 123(b), and 149(b), Tax Court Rules of Practice and Procedure; McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983); Dusha v. Commissioner,82 T.C. 592 (1984). Even if we were to disregard these failings, however, and decide the cases as if they had been tried on the merits, we would conclude that decisions should be entered against petitioners in the amounts determined by respondent. Although Dr. McCabe did superficially identify disallowed items of travel expenses and their purported connection to his occupation as an osteopath, he presented no evidence corroborating his assertions that the expenses, such as expenses of a trip to China taken by himself and his wife, were directly related to the business of the corporation that paid those expenses. He referred to a book that he had written, but he did not show that the book produced any income or that it was written in pursuit of corporate business. Nor did he show that the expenditures were deductible *609 educational expenses under the criteria of section 1.162-5(d) and (e), Income Tax Regs. He provided no basis for examining his allocation of the foreign travel expenses between business and personal expense as required by section 274(c) and (d). Such travel has obvious personal benefits as well as potential business benefits, and Dr. McCabe admitted that petitioners made purchases for personal use during the trip to China. Similarly, Dr. McCabe admitted that petitioners were claiming 100 percent of their automobile expenses as business expense, an inherently suspect claim, but presented neither testimony nor records establishing business use. Petitioners' legal arguments are totally without merit. So-called "double taxation" is inherent in the structure of the corporate and individual income tax system. Whether distributions to petitioners are dividends or compensation, they are taxable to them; if they are dividends, they are not deductible to the corporation. See sections 61, 301, 311, 316, and 317. Because petitioners have not shown that the disallowed payments of their personal expenses by the corporation were intended to be compensation for services, such payments *610 must be regarded as constructive dividends not deductible by the corporation. See, generally, American Properties, Inc. v. Commissioner,28 T.C. 1100 (1957), affd. 262 F.2d 150 (9th Cir. 1958); Challenge Manufacturing Co. v. Commissioner,37 T.C. 650, 663 (1962). With respect to their individual tax liabilities, petitioners have similarly not shown any error in respondent's determination. The family trust they created is indistinguishable from that in issue in Hanson v. Commissioner,696 F.2d 1232 (1983), of which the Court of Appeals for the Ninth Circuit, to which this case is appealable, affirmed the determination of a deficiency and additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations and stated that "[n]o reasonable person would have trusted this scheme to work. It was obviously without economic substance, was an anticipatory assignment of income, and was in violation of the grantor trust provisions." [696 F.2d at 1234.] The Ninth Circuit Court of Appeals has similarly rejected the various other claims of petitioners as frivolous. McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983); *611 Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. an unreported decision; United States v. Romero,640 F.2d 1014, 1016 (9th Cir. 1981); United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980). See also Rowlee v. Commissioner,80 T.C. 1111 (1983); Billman v. Commissioner,83 T.C. 534 (1984). Dr. McCabe admitted, in effect, that he was persisting in these arguments, regardless of their merit, in order to avoid or postpone payment of the taxes determined by respondent. In any event, the arguments are so frivolous and groundless that the logical inference is that these proceedings were commenced primarily for delay. Under such circumstances, section 6673 provides that damages shall be awarded. See Hatfield v. Commissioner,68 T.C. 895, 899-900 (1977); Wilkinson v. Commissioner,71 T.C. at 639-643 (1979); Abrams v. Commissioner,82 T.C. 403 (1984). On review of the entire record in each case, we determine that respondent's motions shall be granted, the petitions shall be dismissed, and damages shall be awarded to the United *612 States in the amount of $4,000 in docket No. 14355-83 and in the amount of $1,000 in docket No. 14356-83. Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩